DIETZ, Judge, concurring.
I concur in the majority opinion but write separately to emphasize that "[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." Wilkie v. City of Boiling Spring Lakes , 370 N.C. 540, 546, 809 S.E.2d 853, 858 (2018). In other words, "[i]f the statutory language is clear and unambiguous, the court eschews statutory construction in favor of giving the words their plain and definite meaning." Id. We address the General Assembly's intent and the potential for injustice in this case only because N.C. Gen. Stat. § 20-279.21(b)(4), read in its entirety, is open to more than one reasonable interpretation and is therefore ambiguous.